**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ORBITAL ENGINEERING, INC., | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| ORBITAL RESEARCH INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Orbital Engineering, Inc. ("Orbital" or the "Company") hereby files this

Complaint against Defendant Orbital Research Inc. ("ORI"), alleging as follows.

## INTRODUCTION

1.      Since 1969, Orbital has been a leader in the provision of engineering services

across a wide range of industries not only in Ohio, but throughout the United States and beyond.

2.      Throughout that time, Orbital has come to own and use in commerce several

federally registered trademarks, including a character mark for "Orbital Engineering" and a

related word mark that includes a globe- or planet-like feature next to the words "Orbital

Engineering, Inc. Strategic Partner to the World's Smartest Businesses."

3.      Orbital has used its character mark in commerce for more than 50 years and its

word mark and logo for more than 10 years.

4.      ORI uses a confusingly similar logo in connection with the same, similar and/or

complementary types of services, including engineering services, as well as in its company

name.

5.     Orbital's claims against ORI arise from ORI's use of its confusingly similar name and logo, which constitutes infringement of Orbital's federally registered trademarks as well as state and federal unfair competition.

6.     ORI's use of a confusingly similar name and logo in connection with its offering of the same, similar and/or complementary services is likely to deceive and, upon information and belief, has already deceived consumers into believing that ORI's services originate from the same source as Orbital's, are sponsored by Orbital or otherwise have some connection or affiliation with Orbital, when that is not the case.

7.     ORI's inequitable conduct is likely to cause and, upon information and belief, has already caused confusion to the public.  ORI's conduct has likewise caused financial injury to Orbital.

8.     ORI's conduct will continue unabated unless and until enjoined by this Court.

9.     Accordingly, Orbital seeks injunctive relief to stop ORI's ongoing infringing activity as well as monetary damages to compensate Orbital for any harm it has suffered as a result of ORI's actions.

## THE PARTIES

10.     Orbital is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1344 Fifth Avenue, Pittsburgh, Pennsylvania 15219.

11.     Upon information and belief, ORI is a corporation organized under the laws of the state of Ohio.  ORI has a place of business at 4415 Euclid Avenue, Suite 500, Cleveland, Ohio 44103.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1367, in that Orbital's claims involve a federal question or the exercise of supplemental

jurisdiction.

13.     Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(a)

because a substantial part of the events giving rise to Orbital's claims occurred in this judicial

district and ORI resides in this district.

## FACTUAL ALLEGATIONS

**I.      Orbital's Business and Trademarks**

14.     Orbital provides full-service solutions in engineering and design, construction

management and QA/QC, safety, asset integrity, drones and robotics, and tablet-based apps and

database services across the United States, including in Ohio.

15.     Founded in 1969, the Company operates within the United States and abroad from

its headquarters in Pittsburgh, Pennsylvania, employing more than 500 engineering and support

staff members throughout its ten offices.

16.     The Company services a broad range of industries, including infrastructure,

metals, refinery, chemical, pipeline, terminal, gas processing and storage, and utilities.

17.     Orbital is the exclusive owner of the standard character mark "ORBITAL

ENGINEERING" as well as the word mark "ORBITAL ENGINEERING, INC. STRATEGIC

PARTNER TO THE WORLD'S SMARTEST BUSINESSES" (together, the "Marks"), the latter

of which includes the following logo design:



18.     Orbital has continuously used the "Orbital Engineering" character Mark in connection with its services in Ohio and beyond for more than 54 years and its word Mark and associated logo for more than 10 years.

19.     On June 1, 2012, Orbital filed a trademark application for the "Orbital Engineering" character Mark with the United States Patent and Trademark Office (USPTO). The USPTO granted Orbital's application on August 20, 2013.  *See* USPTO Reg. No. 4,386,465.

20.     On May 31, 2012, Orbital filed a trademark application for the "Orbital Engineering, Inc." word Mark and associated logo with the USPTO.  The USPTO granted Orbital's application on November 19, 2013.  *See* USPTO Reg. No. 4,437,241.

21.     Orbital has provided notice to the public of its exclusive rights in and to the Marks by, *inter alia*, prominently displaying the Marks on its website, equipment, packaging, and marketing and promotional materials.

22.     Since the inception of their use, the Marks have acquired secondary meaning and have become associated within the engineering industry and Orbital's potential customer base with Orbital and its services.  Orbital, as well as others in its industry, including Orbital's customers, have continually used the Marks to refer exclusively to the services provided by Orbital.

23.     Orbital has built up extensive goodwill and a valuable reputation with respect to the Marks in Ohio and throughout the United States.

24.     As a result of the foregoing actions, Orbital owns and enjoys legal rights in Ohio and throughout the United States in and to the Marks, which are superior to any rights that ORI or any other entity may claim in the Marks in any form or style.

25.     Moreover, because Orbital has federally registered the Marks, the Marks are presumptively valid, and Orbital possesses a legal presumption of ownership of the Marks as well as the exclusive right to use the Marks nationwide on or in connection with Orbital's services.

**II.     ORI's Infringement Upon Orbital's Marks**

26.     ORI advertises itself as a technology focused engineering firm.

27.     ORI purports to offer two "core technologies": (1) precision guidance systems, and (2) physiological monitoring systems.

28.     Additionally, ORI offers and advertises "engineering services," including hardware prototype development, modeling and simulation, and testing and evaluation.

29.     ORI advertises its engineering and other services using a corporate logo that misleads recipients into thinking that ORI and/or its services originate from or are affiliated with Orbital or an Orbital affiliate.

30.     More specifically, ORI uses the word "Orbital" along with the following globe- or planet-like symbol, as further shown on **Exhibit A**:



31.     Upon information and belief, ORI's logo confuses potential customers as to the origin of its services and products, including its engineering services.

32.     ORI's confusingly similar use of the word "Orbital" along with a planet- or globe-like feature misleads consumers and usurps Orbital's goodwill.

33.     Orbital has been injured as a result of ORI's infringing conduct.

34.     Unless enjoined, ORI will continue to violate Orbital's rights to its federally registered Marks and deceive consumers or cause confusion or mistake as to the origin or affiliation of ORI's services.

35.     On March 29, 2023, Orbital sent a letter to ORI demanding that ORI stop using the word "Orbital" in connection with its engineering services, but ORI did not respond to Orbital's correspondence or provide any assurances that it would cease its infringing behavior.

36.     Accordingly, unless and until ORI is enjoined, Orbital will continue to be irreparably harmed.  Such irreparable harm includes, without limitation, all of the following:

- loss of goodwill;

- loss of the confidence and trust of Orbital's customers;

- loss of business reputation; and

- loss of the distinctive nature of the Marks.

37.     Orbital has no adequate remedy at law to fully address such harms.

38.     ORI's actions remain ongoing and will continue unless enjoined by this Court.

## COUNT I

**Trademark Infringement
Lanham Act, 15 U.S.C. § 1114**

39.     Orbital incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40.     Orbital owns valid and enforceable registered trademark rights for its Marks, including at least USPTO Registration Nos. 4,386,465 and 4,437,241.

41.     Without Orbital's permission or consent, ORI has used and continues to use in commerce reproductions, copies or colorable imitations of Orbital's Marks in connection with ORI's offering, advertising and promotion of its services, including its engineering services.

42.     ORI's continued use in commerce of colorable imitations of Orbital's Marks in connection with its services has, upon information and belief, already caused actual confusion or mistake, and is likely to cause confusion or mistake in the future.

43.     ORI's acts have injured and violated Orbital's legal rights in an amount to be determined at trial.

44.     Moreover, ORI's conduct has caused and will continue to cause irreparable injury to Orbital and its Marks and, unless enjoined, will continue unabated.

45.     Accordingly, Orbital is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and damages pursuant to 15 U.S.C. § 1117(a), including ORI's profits, Orbital's actual damages, and/or the costs of this action.

## COUNT II

**False Designation of Origin and Unfair Competition**
**Lanham Act, 15 U.S.C. § 1125(a)(1)**

46.     Orbital incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.     Orbital owns and possesses the exclusive right to use the federally registered Marks bearing USPTO Registration Nos. 4,386,465 and 4,437,241, which have acquired secondary meaning and become associated in the minds of consumers with Orbital's services.

48.     ORI has infringed upon Orbital's Marks in interstate commerce by advertising, promoting, and offering services, including engineering services, with branding that directly infringes on Orbital's Marks.

49.     ORI's use of Orbital's Marks constitutes a false designation of origin, affiliation, and/or sponsorship, and a false description or representation that wrongfully and falsely

designates ORI's services as originating from Orbital and being associated, affiliated, approved, or sponsored by Orbital, when that is not the case.

50.     ORI's various acts set forth herein have confused or are likely to confuse consumers.

51.     ORI has notice of Orbital's legal rights in the Marks but refuses to refrain from continuing its conduct.

52.     ORI's acts have injured and violated Orbital's legal rights in an amount to be determined at trial.

53.     Moreover, ORI's conduct has caused and will continue to cause irreparable injury to Orbital and its Marks and, unless enjoined, will continue unabated.

54.     Accordingly, Orbital is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and damages pursuant to 15 U.S.C. § 1117(a), including ORI's profits, Orbital's actual damages, and/or the costs of this action.

**COUNT III**

**Unfair Competition**
**Ohio Rev. Code Ann. § 4165.02(A)**

55.     Orbital incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56.     Orbital owns and possesses the exclusive right to use the federally registered Marks bearing USPTO Registration Nos. 4,386,465 and 4,437,241, which have acquired secondary meaning and become associated in the minds of consumers with Orbital's services.

57.     ORI has infringed upon Orbital's Marks in Ohio by advertising, promoting and offering its services, including its engineering services, with branding that directly infringes on Orbital's Marks.

58.     ORI's conduct constitutes a false designation of origin, affiliation and/or sponsorship, and a false description or representation that wrongfully and falsely designates ORI's services as originating from Orbital and being associated, affiliated, approved, or sponsored by Orbital, when that is not the case.

59.     ORI's various acts set forth above have confused or are likely to confuse consumers.

60.     ORI has notice of Orbital's legal rights in the Marks but refuses to refrain from continuing its unlawful conduct.

61.     ORI's acts have injured and violated Orbital's legal rights in an amount to be determined at trial.

62.     Moreover, ORI's conduct has caused and will continue to cause irreparable injury to Orbital and its Marks and, unless enjoined, will continue unabated.

63.     Accordingly, Orbital is entitled to injunctive relief pursuant to Ohio Rev. Code Ann. § 4165.03(A)(1) and damages pursuant to Ohio Rev. Code Ann. § 4165.03(A)(2).

## COUNT IV
### Common Law Unfair Competition

64.     Orbital incorporates by reference paragraphs 1 through 63 as if fully set forth herein.

65.     Orbital owns and possesses the exclusive right to use the federally registered Marks bearing USPTO Registration Nos. 4,386,465 and 4,437,241, which have acquired secondary meaning and become associated in the minds of consumers with Orbital's services.

66.     ORI has infringed upon Orbital's Marks by advertising, promoting, and offering its services with branding that directly infringes on Orbital's Marks.

67.     ORI's conduct constitutes common law unfair competition in violation of the related goods doctrine, as ORI has, upon information and belief, caused consumer confusion about the source of ORI's services, thereby causing consumers to infer that Orbital's and ORI's services derive from the same source.

68.      ORI's use of Orbital's Marks further constitutes common law unfair competition under the doctrine of confusion of sponsorship.  By advertising, promoting and offering its services using a name and logo confusingly similar to that of Orbital, ORI has, upon information and belief, caused consumer confusion by creating a belief among consumers that Orbital sponsored ORI's services or that some other connection or affiliation exists between Orbital and ORI.

69.     ORI's various acts set forth above have confused or are likely to confuse consumers.

70.     ORI has notice of Orbital's legal rights in the Marks but refuses to refrain from continuing its conduct.

71.     ORI's acts have injured and violated Orbital's legal rights in an amount to be determined at trial.

72.     Moreover, ORI's conduct has caused and will continue to cause irreparable injury to Orbital and its Marks and, unless enjoined, will continue unabated.

73.     Accordingly, Orbital is entitled to injunctive relief and damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Orbital requests the following relief from the Court:

a.      A preliminary and permanent injunction:

     i.      enjoining and restraining Defendant ORI and its agents, principals, servants and employees from directly or indirectly

using Orbital's Marks or any other mark, word or name similar to Orbital's Marks, which is likely to cause confusion, mistake or to deceive;

ii.   ordering that all written materials in the possession of ORI and its agents, principals, servants and employees incorporating or infringing Orbital's Marks (including but not limited to any materials bearing the name "Orbital" in connection with a planet- or globe-like feature) be delivered up and destroyed; and

iii.   ordering any other relief that is just and proper under the circumstances.

b.   An order:

i.   entering an award in favor of Orbital and against ORI for compensatory damages and/or an equitable accounting and disgorgement of any and all profits arising from ORI's unlawful conduct, reimbursement of all costs and expenses, including attorneys' fees, incurred in connection with this litigation, punitive and exemplary damages;

ii.   ordering an award of attorney's fees and costs as provided by Section 35(a) of the Lanham Act; and

iii.   granting such other and further relief as this Court deems just and proper under the circumstances.

JURY TRIAL REQUESTED ON ALL CLAIMS SO TRIABLE.


Respectfully Submitted,

DENTONS COHEN & GRIGSBY P.C.

By:  _/s/ Fridrikh V. Shrayber_
    Fridrikh V. Shrayber (095330)
    625 Liberty Avenue, 5th Floor
    Pittsburgh, PA  15222-3152
    Ph: (412) 297-4900 / Fax: (412) 209-1975
    fred.shrayber@dentons.com

    *Counsel for Plaintiff,*
    *Orbital Engineering, Inc.*

Dated:  April 19, 2023
4374578